Rory Quintana (Cal. Bar No 258747)
rory@qhplaw.com
Ramsey Hanafi (Cal. Bar No. 262515)
ramsey@qhplaw.com
QUINTANA HANAFI, LLP
870 Market Street, Suite 819
Telephone: (415) 504-3121
Facsimile (415) 233-8770

Josh Sanford (Ark. Bar No. 2001037)
josh@sanfordlawfirm.com
Tess Bradford (Ark. Bar No. 2017156)
tess@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*Counsel for Plaintiffs and the Proposed Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANA DAHL, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BAY POWER, INC., a California Corporation, and DONNA BUTCHER, an individual,<br><br>Defendant. | Case No. 5:20-cv-7062<br><br>**COLLECTIVE ACTION**<br><br>**COMPLAINT FOR FEDERAL EMPLOYMENT LAW VIOLATIONS; AND**<br><br>**CLAIMS FOR DAMAGES** |

COMES NOW Plaintiff Dana Dahl ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys Ramsey Hanafi of QHP Law, LLP, and Tess Bradford and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action ("Complaint") against Defendants Bay Power, Inc., and Donna Butcher (collectively "Defendant" or "Defendants"), she does state and allege as follows:

**PRELIMINARY STATEMENTS**

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendants' failure to pay Plaintiff and others a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. Upon information and belief, for at least three years prior to the filing of this Complaint, Defendant has willfully and intentionally violated the FLSA as described, *infra.*

**JURISDICTION AND VENUE**

3. The United States District Court for the Northern District of California has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendants conduct business within the State of California.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of California has personal jurisdiction over Defendants, and Defendants therefore "reside" in California.

**THE PARTIES**

6. Plaintiff is an individual and resident and domiciliary of Tarrant County, Texas.

7. Separate Defendant Bay Power, Inc. ("Bay Power"), is a domestic, for-profit corporation.

8. Bay Power's registered agent for service is Cindee M. Chaves, 1095 North 7th Street, San Jose, California 95112.

- 1 -

COLLECTIVE ACTION COMPLAINT FOR
FEDERAL & STATE EMPLOYMENT LAW VIOLATIONS

9. Separate Defendant Donna Butcher ("Butcher") is an individual and resident of Texas.

10. Defendants maintain a website at https://www.baypower.com/.

### IV.    FACTUAL ALLEGATIONS

11. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

12. Butcher is a principal, director, officer, and/or owner of Bay Power.

13. Butcher, in her role as an operating employer of Bay Power, had the power to hire and fire Plaintiff, often supervised Plaintiff's work and determined her work schedule, and made decisions regarding Plaintiff's pay, or lack thereof.

14. Butcher took an active role in operating Bay Power and in the management thereof.

15. Butcher, at relevant times, exercised supervisory authority over Plaintiff in relation to her work schedule, pay policy and the day-to-day job duties that Plaintiff's jobs entailed.

16. Butcher acted as the employer of Plaintiff and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17. Bay Power acted as the employer of Plaintiff and the proposed collective and is and has been engaged in interstate commerce as that term is defined under the FLSA.

18. Defendants have unified operational control and management, as well as control over employees, including shared power to supervise, hire and fire, establish wages and wage policies and set schedules for their employees through unified management.

19. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person.

20. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

21. At all times material herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

22. At all times material herein, Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA and paid him an hourly wage.

23. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protections and benefits of the FLSA.

24. Defendant is primarily involved in selling electrical components.

25. Defendant employed Plaintiff from January of 2017 to June of 2020.

26. Specifically, Defendant employed Plaintiff as an Inside Sales Representative.

27. Defendant also employed other individuals to work as Inside Sales Representatives.

28. Plaintiff was paid an hourly rate.

29. In addition to her hourly rate, Plaintiff was paid commission based on how many sales she made.

30. Plaintiff also occasionally received bonuses based on nondiscretionary criteria such as working a weekend shift.

31. Upon information and belief, other Inside Sales Representatives were paid in the same or similar manner.

32. Defendant informs its Inside Sales Representatives of the opportunity to earn commission and bonuses upon hiring because the commission and the bonuses are part of Defendant's compensation package and Inside Sales Representatives expect to receive commission and bonuses.

33. At all relevant times herein, Defendant directly hired Inside Sales Representatives to work in its offices, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

34. As an Inside Sales Representative, Plaintiff's duties included answering phone calls, responding to client queries regarding products, and selling products.

35. Plaintiff regularly worked in excess of forty hours per week while working for Defendant.

36. Upon information and belief, other Inside Sales Representatives regularly or occasionally worked over forty hours per week.

37. During weeks in which Plaintiff and other Inside Sales Representatives worked over forty (40) hours, Defendant paid an improper overtime rate because Defendant determined the regular rate of pay solely based on employees' hourly rate, without including the value of the commissions that Defendant provided to Plaintiff and similarly situated employees.

38. Section 778.117 of Title 29 of the CFR states that commissions "are payments for hours worked and must be included in the regular rate," regardless of the basis for them or their frequency.

39. Section 778.208 of Title 29 of the CFR requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

40. Therefore, Defendant violated the FLSA by not including all forms of compensation, such as commissions and non-discretionary bonuses, in the regular rate when calculating Plaintiff's and other Inside Sales Representatives' overtime pay.

41. Upon information and belief, Defendant's pay policy was the same at all of its locations.

42. At all relevant times herein, Defendant has deprived Plaintiff and other Inside Sales Representatives of proper overtime compensation for all of the hours worked over forty (40) per week.

43. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

**REPRESENTATIVE ACTION ALLEGATIONS**

44. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

45. Plaintiff brings her FLSA claim on behalf of all other Inside Sales Representatives who were paid commission and bonuses and were employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA, and who are entitled to payment of the following types of damages:

46. A. Payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a week;

47. B. Liquidated damages; and

48. C. Attorney's fees and costs

49. Plaintiff proposes the following collective under the FLSA:

**All hourly-paid Inside Sales Representatives who earned a commission or bonus in connection with work performed in any week in which they worked more than forty hours within the past three years.**

50. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

51. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

52. The proposed FLSA collective members are similarly situated in that they share these traits:

53. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

54. They were paid hourly rates;

55. They were eligible for and received commission;

56. They were eligible for and received non-discretionary bonuses;

57. They had the same or substantially similar job duties, requirements and pay provisions;

58. They worked over forty (40) hours in at least one week in which they performed work related to receiving commission or bonus; and

59. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per week.

60. Plaintiff is unable to state the exact number of the class but believes that there are at least twenty (20) other employees who worked as Inside Sales Representatives and received an improperly calculated overtime rate.

61. Defendant can readily identify the members of the Section 16(b) class which encompasses all hourly Inside Sales Representatives who received a commission or bonus in connection with work performed in any week in which they worked over forty hours.

62. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

**FIRST CLAIM FOR RELIEF**
**(Individual Claim for Violation of the FLSA)**

63. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

64. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

65. 29 U.S.C. § 207 requires employers to pay employees 1.5x times the employee's regular rate for all hours that the employee works in excess of 40 per week.

66. Defendant classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

67. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff a proper overtime rate of compensation for all hours worked in excess of 40 per week.

68. Defendant violated Section 778.117 of Title 29 of the CFR by not including commissions paid to Plaintiff in her regular rate when calculating her overtime pay.

69. Defendant violated Section 778.208 of Title 29 of the CFR by not including bonuses paid to Plaintiff in her regular rate when calculating her overtime pay.

70. Defendant failed to pay Plaintiff an overtime rate of 1.5x her regular rate for all hours worked over forty in a week.

71. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

72. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

73. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**SECOND CLAIM FOR RELIEF**
**(Collective Action Claim for Violation of the FLSA)**

74. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

75. Plaintiff brings this collective action on behalf of herself and all hourly Inside Sales Representatives who were employed by Defendant and received commission, to recover monetary damages owed by Defendant to Plaintiff and members of the putative collective for overtime compensation for all the hours she and they worked in excess of forty (40) each week.

76. 29 U.S.C. § 207 requires employers to pay employees 1.5x the employee's regular rate for all hours that the employee works in excess of 40 per week.

77. Defendant violated 29 U.S.C. § 207 by not paying Plaintiff and similarly situated employees a proper overtime rate of compensation for all hours worked in excess of 40 per week.

78. Defendant violated Section 778.117 of Title 29 of the CFR by not including all forms of compensation, such as commissions, given to Plaintiff and those similarly situated in their regular rate when calculating their overtime pay.

79. Defendant violated Section 778.208 of Title 29 of the CFR by not including bonuses paid to Plaintiff and similarly situated employees in their regular rate when calculating their overtime pay.

80. In the past three years, Defendant has employed more than twenty (20) hourly Inside Sales Representatives who were eligible for nondiscretionary bonuses.

81. Upon information and belief, Plaintiff and almost all Inside Sales Representatives who received commissions regularly or occasionally worked more than 40 hours in a week.

82. Defendant failed to pay Plaintiff and similarly situated employees at the proper overtime rate.

83. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

84. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiff and all those similarly situated for, and Plaintiff and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

85. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all those similarly situated as provided for by the FLSA, Plaintiff and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

**PRAYER FOR RELIEF**

86. WHEREFORE, premises considered, Plaintiff Dana Dahl, individually on behalf of all others similarly situated, respectfully prays as follows:

87. That each Defendant be summoned to appear and answer this Complaint;

88. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and the attendant regulations;

89. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

90. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and the attendant regulations;

91. Judgment for liquidated damages under the FLSA and the attendant regulations;

92. For a reasonable attorney's fee, costs and interest; and

93. Such other relief as this Court may deem just and proper.

Respectfully submitted,

DANA DAHL, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF

QHP Law, LLP
870 Market Street, Suite 819
San Francisco, California 94102
Telephone: (415) 504-3121
Facsimile: (415) 233-8770

*/s/Ramsey Hanafi*
Ramsey Hanafi
Cal. Bar No. 262515
ramsey@qhplaw.com

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Motion for PHV Forthcoming*

*/s/ Tess Bradford*
Tess Bradford
Ark. Bar No. 2017156
tess@sanfordlawfirm.com
*Motion for PHV Forthcoming*