Josh Sanford (Ark. Bar No. 2001037)
josh@sanfordlawfirm.com
SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040
*Admitted Pro Hac Vice*

*Additional Counsel listed on signature page*
*Counsel for Plaintiff and the Proposed Class;*

Laura A. Wolfe (Cal. Bar No 266751)
laura.wolfe@mccormickbarstow.com
MCCORMICK, BARSTOW, SHEPPARD, WAYTE & CARRUTH, LLP
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300
Facsimile: (559) 433-2300

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA DAHL, individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>BAY POWER, INC., a California Corporation, and DONNA BUTCHER, an individual,<br><br>Defendants. | Case No. 4:20-cv-07062-HSG<br><br>**JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLMENT**<br><br>Date: May 20, 2021<br>Time: 2:00 PM<br>Dep't: Civil<br>Judge: Haywood S. Gilliam, Jr. |

**NOTICE OF MOTION AND MOTION**

To the Clerk of Court and all interested parties:

PLEASE TAKE NOTICE THAT on May 20, 2021, or as soon thereafter as counsel may be heard, in Courtroom 2 of this Court, located at 1301 Clay Street, 4th Floor, Oakland, CA 94612, before the Honorable Haywood S. Gilliam, Jr., Plaintiff Dana Dahl ("Plaintiff") and Defendants Bay Power, Inc., and Donna Butcher ("Defendants") (collectively, the "Parties") jointly move the Court to enter a stipulated judgment on the terms of the FLSA Settlement proposed herein. The Parties make this motion on the grounds that the Settlement is fair, adequate and reasonable and within the range of possible final approval.

This motion is based upon this Notice of Motion and Motion for Approval of the FLSA Collective Settlement, the Memorandum of Points and Authorities in Support thereof; the Declarations and/or Exhibits of Counsel; the Court's record of this action; all matters of which the Court may take notice; and such oral or documentary evidence presented at the hearing on the motion.

JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Dana Dahl ("Named Plaintiff") and Defendants Bay Power, Inc., and Donna Butcher (collectively "Defendants"), by and through their undersigned counsel, jointly seek entry of an Order approving the Parties' executed Collective Action Settlement Agreement and Release ("Agreement"), which resolves any claims arising out of the alleged failure to pay lawful overtime compensation for hours worked in excess of forty (40) per week to hourly-paid employees who worked as Inside Sales Representatives while employed by Defendants during the time period of October 9, 2017 to October 9, 2020 ("Potential Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs"). A copy of the Agreement is attached hereto as Exhibit 1. The Agreement was reached in compromise of a bona fide dispute between the Parties and was negotiated in good faith. For settlement purposes, the Parties stipulate to certification of the following Collective under 29 U.S.C. § 216(b):

> **All hourly-paid Inside Sales Representative for Bay Power, Inc., and/or Donna Butcher between October 9, 2017 and October 9, 2020 ("Settlement Collective Members").**

In order to effectuate the contemplated settlement, the Parties also seek approval of the proposed Settlement Notice ("Notice") and Consent to Join Settlement ("Consent") forms, attached hereto as Exhibits 2 & 3, and proposed method of distribution. The Notice and Consent will be used in lieu of those filed at ECF No. 33. The Notice explains the procedures for joining the settlement and what effect joining or not joining the settlement will have on the Potential Opt-In Plaintiffs' legal rights. Plaintiff's counsel will distribute to the Potential Opt-In Plaintiffs the Court-approved Notice and Consents via email and mail along with a prepaid return envelope. The Potential Opt-In Plaintiffs will have 60 days from the date of mailing to submit their completed Consents. Finally, the Parties request that Ramsey Hanafi and Josh Sanford be appointed as Class Counsel.

## II. ARGUMENT

There are 18 Potential Opt-In Plaintiffs, in addition to Named Plaintiff. Defendants have agreed to pay every Potential Opt-In Plaintiff who timely joins the settlement pursuant to the notice procedures set forth in the Agreement ("Opt-In Plaintiffs") the amount set forth in Exhibit A to the Agreement. Defendants provided time and payroll data regarding Inside Sales Representatives during the relevant period, and the alleged underpayment of overtime wages was calculated based on this available data. For purposes of the calculations, the allegations in the Complaint were construed in favor of Plaintiffs. The calculations take into account the hours worked by Plaintiffs, as well as their pay and bonuses received. The allocated amounts are equal to 100% of damages calculated for failure to include non-discretionary bonuses and commissions in the regular rate of pay prior to calculating overtime pay, including liquidated damages. If each Potential Opt-In Plaintiff timely submits a Consent, the allocated amounts to Plaintiffs would total $4,766.61.

The Opt-In Plaintiffs, by executing a Consent, will provide the following release:

> "…[E]ach Opt-In Plaintiff fully releases and discharges Defendants and each of their past, present and future owners, parent corporations, related or affiliate companies, subsidiaries, officers, directors, employees, representatives, insurers, agents and any individual or entity which could be jointly liable with Defendants (the "Released Parties") from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, expenses, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Lawsuit, which includes all wage and hour claims under the Fair Labor Standards Act and similar state and municipal laws governing lost wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted between October 9, 2017 and October 9, 2020. Opt-In Plaintiffs do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.

As part of the Agreement, Named Plaintiff is providing Defendants a general and full release of claims. In return for this release, Named Plaintiff is receiving an award of $500, in addition to her maximum calculated damages under the allocation. The Agreement also contains a mutual non-disparagement clause, under which Defendants will be prohibited from denigrating the Plaintiffs, and the Plaintiffs are likewise prohibited from denigrating Defendants.

4

JOINT NOTICE OF MOTION AND MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT

Although the Ninth Circuit has not squarely addressed the issue of approval of FLSA settlements, district courts in the Ninth Circuit have followed the standards laid out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). *See Saleh v. Valbin Corp.*, 17-CV-593-LHK, 2018 WL 6002320, at *1 (N.D. Cal. Nov. 15, 2018). "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("we will assume without deciding that the district court has a duty to exercise some level of review of the Agreement"). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. *Lynn's Food Stores*, 679 F.2d at 1353 n.8. The adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement. *Id.* at 1353-54. If the proposed settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Id.* at 1354.

Given the genuine dispute between the Parties over the merits of the allegations of failure to pay proper overtime wages, the Agreement should be considered a fair, reasonable, and adequate compromise. Moreover, under the Agreement, only employees who take steps to join the settlement will waive any rights for hours worked. Thus, there is no concern that the rights of employees who do not participate in the settlement will be affected. *See McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984) (noting that FLSA collective actions do not implicate the same due process concerns as Rule 23 class actions because, under the FLSA, "parties may elect to opt in but a failure to do so does not prevent them from bringing their own suits at a later date"), abrogated on other grounds by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989).

This settlement was reached in the course of arms-length negotiations between experienced counsel. Due to the Parties' reluctance to undergo a lengthy and inherently risky trial process involving analysis of time and pay logs, depositions, further pleadings, a trial, and, potentially, an appeal, they have entered into the Agreement. The Parties have specifically considered the potential value of their claims and defenses and have concluded that the proposed Agreement provides a fair

and reasonable resolution of the claims.

Finally, under the FLSA, an award of reasonable attorneys' fees and costs to prevailing plaintiffs is mandatory. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Under the terms of the Agreement, Plaintiff's Counsel is receiving $30,233.39. This amount was a separate line item in settlement negotiations and was over and above the amount of damages owed to Plaintiffs. Because Plaintiffs are receiving 100% of their calculated damages, the negotiated attorney's fee does not reduce the award to any Plaintiff. Accordingly, approval of the agreed upon fee is not required. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees." (citations omitted)).

To the extent this Court wishes to determine the reasonableness of the agreed upon attorneys' fees and costs, Plaintiffs' Counsel has incurred more than $49,000.00 in billed hours and costs, taking the case from preliminary investigation and Complaint drafting, to seeking certification, and through informal discovery, damages calculations, and extensive settlement negotiations. Much work lies ahead as well in the distribution and receipt of Notice and Consent forms and communications with Potential Opt-In Plaintiffs regarding the settlement. At just 61% of Plaintiff's Counsel's billing to date, the award is reasonable.

### III. CONCLUSION

The Parties respectfully request that the Court approve their executed Agreement and proposed notice and consent forms and the method of distribution and appoint Class Counsel.

Respectfully submitted,

PLAINTIFF DANA DAHL, Individually and on Behalf of All Others Similarly Situated

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946

*/s/ Josh Sanford*
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com
*Admitted Pro Hac Vice*

Quintana Hanafi LLP
870 Market Street, Suite 819
San Francisco, California 94102
Telephone: (415) 504-3121

*/s/ Ramsey Hanafi*
Ramsey Hanafi
Cal. Bar No. 262515
ramsey@qhplaw.com

and

BAY POWER, INC. and DONNA BUTCHER, DEFENDANTS

WAYTE & CARRUTH LLP
7647 North Fresno Street
Fresno, California 93720
Telephone: (559) 433-1300

*/s/ Laura A. Wolfe*
Laura A. Wolfe
Cal. Bar No. 266751
laura.wolfe@mccormickbarstow.com

**Attestation Pursuant to Local Rule 5-1(i)(3)**

I hereby attest that all signatories indicated by a conformed signature (/s/) have concurred in the filing of this document.

Dated: May 20, 2021

*/s/ Josh Sanford*
**Josh Sanford**