UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANA DAHL,

          Plaintiff,

    v.

BAY POWER INC., et al.,

          Defendants.

Case No. 20-cv-07062-HSG

**ORDER GRANTING MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT**

Re: Dkt. No. 35

      Pending before the Court is the parties' joint motion for approval of FLSA collective action settlement. Dkt. No. 35 ("Mot."). The Court held a hearing on the motion on May 27, 2021. For the following reasons, the Court **GRANTS** the motion for settlement approval.

## I.    BACKGROUND

      Plaintiff Dana Dahl ("Plaintiff" or "Named Plaintiff") was an employee of Defendants and worked as an Inside Sales Representative for Defendants' business, which primarily sold electronic components. Dkt. No. 33 at 2. Plaintiff brought this action as a collective action under the Fair Labor Standards Act ("FLSA") on behalf of herself and all other current and former non-exempt Inside Sales Representatives who earned a commission or non-discretionary bonus in connection with work performed for the Defendants in any week in which they worked more than forty hours at any time since October 9, 2017. *Id.* Plaintiff alleges that Defendants failed to pay her and other Inside Sales Representatives the overtime compensation required by the FLSA. Dkt. No. 1. There are 18 potential opt-in plaintiffs in addition to Named Plaintiff ("Opt-In Plaintiffs"). Mot. at 4. The parties agreed that conditional certification of a collective action under the FLSA is appropriate. Dkt. No. 33 at 2.

## II.    LEGAL STANDARD

The FLSA requires employers to pay their employees time and one-half for work exceeding forty hours per week.  *See* 29 U.S.C. § 207(a)(1).  Most courts hold that an employee's overtime claim under FLSA is non-waivable, and therefore cannot be settled without the supervision of either the Secretary of Labor or a district court.  *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982); *Till v. Saks Inc.*, No. C 12-03903, 2014 WL 1230604, at *2 (N.D. Cal. Mar. 14, 2014); *see also Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2014 WL 1477630, at *3 & n.5 (N.D. Cal. Apr. 15, 2014) ("*Otey I*") (collecting cases applying *Lynn's Food Stores*).

"The Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval."  *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015) ("*Otey II*").  For that reason, courts in this district apply the Eleventh Circuit's widely-followed standard set forth in *Lynn's Food Stores* and consider whether the proposed settlement constitutes "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Id.* (quoting 679 F.2d at 1355).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues . . . that are actually in dispute," the district court may approve the settlement.  *Lynn's Food Stores*, 679 F.2d at 1354.

## III.    DISCUSSION

The settlement in this case includes the following terms.  Defendants have agreed to pay every Opt-In Plaintiff who timely joins the settlement pursuant to the notice procedures the amount set forth in Exhibit A to the settlement agreement ("Agreement").  Mot. at 4.  Defendants provided time and payroll data regarding Inside Sales Representatives during the relevant period, and the alleged underpayment of overtime wages was calculated based on this available data.  *Id.*  The calculations take into account the hours worked by Plaintiffs, as well as their pay and bonuses received, and the allocated amounts are equal to 100% of damages calculated for failure to include non-discretionary bonuses and commissions in the regular rate of pay prior to calculating overtime pay, including liquidated damages.  *Id.*  If each Opt-In Plaintiff timely submits a consent form, the allocated amounts to Plaintiffs would total $4,766.61.  *Id.*  The Agreement also provides for a

$500.00 service award to Named Plaintiff. The Opt-in Plaintiffs, by executing a consent form, provide the following release:

> [E]ach Opt-In Plaintiff fully releases and discharges Defendants and each of their past, present and future owners, parent corporations, related or affiliate companies, subsidiaries, officers, directors, employees, representatives, insurers, agents and any individual or entity which could be jointly liable with Defendants (the "Released Parties") from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, expenses, damages, actions or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Lawsuit, which includes all wage and hour claims under the Fair Labor Standards Act and similar state and municipal laws governing lost wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted between October 9, 2017 and October 9, 2020. Opt-In Plaintiffs do not release any claim wholly unrelated to the wage and hour subject matter, specifically including those covered by workers' compensation, unemployment compensation or discrimination law, or any other claims that cannot be released by law.

Mot. at 4.

In order to approve the settlement, the Court must find that (1) the case involves a bona fide dispute, (2) the proposed settlement agreement is fair and reasonable, and (3) the award of costs is reasonable.

**A.    Bona Fide Dispute**

"If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Nen Thio v. Genji, LLC*, 14 F. Supp. 3d 1324, 1333 (N.D. Cal. 2014) (quoting *Yue Zhou v. Wang's Restaurant*, 2007 WL 2298046, *1 (N.D. Cal. Aug. 8, 2007)); *Lynn's Food Stores*, 679 F.2d at 1353 n.8 (requiring "settlement of a bona fide dispute between the parties with respect to coverage or amount due under the [FLSA]"). "The purpose of this analysis is to ensure that an employee does not waive claims for wages, overtime compensation, or liquidated damages when no actual dispute exists between the parties." *Saleh v. Valbin Corp.*, No. 17-CV-00593-LHK, 2018 WL 6002320, at *2 (N.D. Cal. Nov. 15, 2018) (citing *Lynn's Food Stores*, 679 F.2d at 1353 n.8.).

Here, there is a bona fide dispute. Defendants dispute the merits of Plaintiff's allegations

of failure to pay proper overtime wages, and assert a number of affirmative defenses, including application of the statute of limitations and good faith.  *See* Dkt. No. 11 at 8-9; Mot. at 5.

Although there the parties reached a swift resolution of this case and did not engage in motions practice to test either Plaintiff's allegations or Defendants' defenses, the Court notes the adversarial nature of the litigation and the uncertainly of Plaintiff being able to recover all damages, including liquidated damages, if the case proceeds.  *See Local 246 Util. Workers Union of Am. v. S. California Edison Co.*, 83 F.3d 292, 297 (9th Cir. 1996) (noting that an employer can avoid liquidated damages if it can establish "subjective and objective good faith in its violation of the FLSA.").  Based on the disputed aspects of the case, the Court finds there to be a bona fide dispute under the FLSA.

### B.    Fair and Reasonable Resolution

"To determine whether the settlement is fair and reasonable, the Court looks to the 'totality of the circumstances' and the 'purposes of FLSA.'"  *Saleh*, 2018 WL 6002320 at *3 (quoting *Selk v. Pioneers Mem'l Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016)).  Here, the settlement provides for 100% of calculated damages for Plaintiff and Opt-In Plaintiffs, including liquidated damages, which weighs heavily in favor of the settlement and alleviates concerns about fraud or collusion.  Further, the release clause is limited to those claims that could "reasonably arise out of the acts alleged in the Lawsuit" and is not overly broad as it does not release claims unrelated to the wage-and-hour subject matter.  *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) ("[A] federal court may release not only those claims alleged in the complaint, but also a claim 'based on the identical factual predicate as that underlying the claims in the settled class action.'").

Overall, considering the totality of the circumstances, the Court finds that the proposed settlement is a fair and reasonable resolution of a bona fide dispute.

### C.    Attorneys' Fees and Costs

The FLSA contains a mandatory fee– and cost-shifting provision.  29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the

action"); *accord Dent v. Cox Comms. Las Vegas, Inc.*, 502 F.3d 1141, 1143 (9th Cir. 2007). Because settlement of a FLSA claim results in a stipulated judgment (at least when in district court), *Lynn's Food Stores*, 679 F.2d at 1354, this provision applies even where parties settle an individual action, *Yue Zhou*, 2007 WL 2298046 at *1.

Under the terms of the Agreement, Plaintiff's Counsel is receiving $30,233.39. Mot. at 6. This represents approximately 60% of the $49,000 in billed hours and costs incurred by Plaintiff's Counsel. *Id.* This amount was a separate line item in settlement negotiations and was over and above the amount of damages owed to Plaintiffs. *Id.* Because Plaintiffs are receiving 100% of their calculated damages, the negotiated attorney's fee does not reduce the award to any Plaintiff. *Id; see Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement." (citations omitted)).[1]

The Court finds that the agreed-upon fees and costs amount is reasonable.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the parties' joint motion for settlement approval. The Court further:

1. **DIRECTS** the parties to perform their obligations in accordance with the terms of the settlement agreement and notice procedure;

2. **APPOINTS** Plaintiffs' counsel as collective-action counsel;

3. **CONDITIONALLY CERTIFIES** a collective of "All non-exempt Inside Sales Representatives who were employed by Bay Power, Inc., and/or Donna Butcher at any time between October 9, 2017 and October 9, 2020";

4. **APPROVES t**he Settlement Notice and Consent to Join Settlement forms to be sent to Plaintiff and Potential Opt-In Plaintiffs, attached as Exhibits 2 and 3 to the Motion;

---

[1] The Court notes that it is not adopting Plaintiff's position that it is unnecessary for the Court to approve the agreed-upon attorneys' fees. Mot. at 6. Because the Court finds the agreed-upon fees and costs to be reasonable, it need not reach that issue.

5

5. **APPROVES t**he parties' proposed Notice Period and procedure for submission of Consent to Join forms; and

6. **DIRECTS** the parties to submit a status report within 30 days of the end of the Notice Period, indicating that payments under the Settlement Agreement and Release have been tendered. Simultaneously with that status report, the parties are **DIRECTED** to submit a stipulated judgment and dismissal.

**IT IS SO ORDERED.**

Dated: 5/28/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge